## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CORY MIXAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| E. GREENBAUM, D. HERNANDEZ, J. | ) | |
| GREENE, J. BEST, JOHN DOE, and COOK | ) | |
| COUNTY HEALTH AND HOSPITALS | ) | |
| SYSTEM, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Cory Mixan, for his complaint against defendants Evan Greenbaum, M.D., David Hernandez, M.D., Jacqueline Greene, M.D., Jennifer Best, M.D., John Doe, and the Cook County Health and Hospitals System, states as follows:

### NATURE OF THE ACTION

1.  This is an action for monetary damages brought under 42 U.S.C. § 1983 and Illinois law for the Defendants' violation of the Plaintiff's constitutional rights while he was in the custody of the Cook County Department of Corrections, and for medical negligence. The Defendants consciously disregarded a serious risk to Plaintiff's health by incorrectly installing a metal plate on his fractured jaw and otherwise improperly performing Plaintiff's jaw surgery, by failing to assign properly qualified physicians to perform the surgery, and by failing to adequately supervise resident physicians who performed the surgery. As a direct result of Defendants' actions and inactions, Plaintiff suffered unreasonable and unnecessary physical and mental injuries. These actions and omissions violated Plaintiff's rights under the Eighth

Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, and under Illinois law.

## PARTIES

2.      Plaintiff Cory Mixan is a 32 year old man, currently in custody at Shawnee Correctional Center in Vienna, Illinois. His prisoner number is R50883.

3.      Plaintiff was a prisoner at the Cook County Department of Corrections ("CCDOC") in Chicago, Illinois from prior to May 2015 until he was transferred to Shawnee Correctional Center in 2017. At all times relevant to the events at issue in this action, Plaintiff was incarcerated at CCDOC.

4.      Defendant Cook County Health and Hospitals System ("CCHHS") is a subdivision of Cook County, Illinois and provides medical care to, among others, inmates of CCDOC. Stroger Hospital is a unit of CCHHS.

5.      On information and belief, Defendant Evan Greenbaum, M.D. ("Greenbaum") at all times relevant was a medical doctor providing care to inmates of CCDOC at Stroger Hospital.

6.      On information and belief, Defendant David Hernandez, M.D. ("Hernandez") at all times relevant was a medical doctor performing medical services on inmates of CCDOC at Stroger Hospital.

7.      On information and belief, Defendant Jacqueline Greene, M.D. ("Greene") at all times relevant was a medical doctor performing medical services on inmates of CCDOC at Stroger Hospital.

8.      On information and belief, Defendant Jennifer Best, M.D. ("Best") at all times relevant was a medical doctor performing medical services on inmates of CCDOC at Stroger Hospital.

2

9. On information and belief, at all times relevant, Defendants Greenbaum, Hernandez, Greene, and Best were each providing medical care to inmates of CCDOC through their agency with CCHSS and, by this agency, each acted under the color of law.

10. On information and belief, Defendant John Doe ("Doe") at all times relevant was an administrator, chief of surgery, or other individual responsible for assigning physicians at Stroger Hospital to treat specific patients, including inmates of CCDOC as an agent of CCHHS.

## JURISDICTION AND VENUE

11. The Court has personal jurisdiction over Defendants Greenbaum, Hernandez, Greene, Best, and Doe because, among other reasons, each was at all relevant times a physician practicing medicine or hospital administrator in this judicial district. This Court has personal jurisdiction over Defendant CCHSS because it is an Illinois business or entity operating in this judicial district.

12. This Court has subject matter jurisdiction over this action because Plaintiff's claims under the Eighth Amendment and 42 U.S.C. § 1983 arise under federal law pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper under 28 U.S.C. § 1391(b) because, among other reasons, the events giving rise to these claims occurred in this judicial district.

## FACTUAL BACKGROUND

14. On June 13, 2016 at approximately 5:50 p.m. two CCDOC inmates assaulted Plaintiff. One inmate hit him in the head with a dinner tray and another inmate punched him on the right side of his face, breaking Plaintiff's lower jaw in two places and loosening a number of his teeth.

15.     Following this assault, Plaintiff received a preliminary medical assessment by a CCDOC nurse and was placed in a holding cell for approximately three hours.

16.     Plaintiff was transferred to Stroger Hospital at approximately 9:20 p.m. on June 13, 2016, was diagnosed with blunt head trauma and a fractured right mandible, and was admitted to the Emergency Department.

17.     On June 14, 2016, Plaintiff received four staples to his skull for a significant scalp laceration.

18.     On June 15, 2016 at approximately 2:27 p.m. Plaintiff underwent jaw surgery in the form of an open reduction and internal fixation procedure to treat bilateral mandible fractures, including the insertion of two metal plates that were intended to be permanent.

19.     According to a CCHHS Operative Report relating to Plaintiff's surgery, before conducting the procedure one or more of Hernandez, Greene, Best, and Greenbaum offered Plaintiff the option of proceeding with an open reduction or closed reduction method for the mandible surgery.  For the type of injury that the Plaintiff had suffered, open reduction is an inherently riskier surgery than a closed reduction method.

20.     According to the Operative Report, based solely on Plaintiff's input and stated preference the surgery proceeded as an open reduction with internal fixation.

21.     On information and belief, the surgery was performed by one or more of the Defendant resident physicians Hernandez, Greene, and Best, under the supervision of Defendant Greenbaum, the attending physician.

22.     On information and belief, Defendant Doe assigned one or more of Hernandez, Greene, Best, and Greenbaum to provide medical care, including surgery, to Plaintiff.

23.     On information and belief, each of Hernandez, Greene, Best, and Greenbaum at all relevant times were ear, nose, and throat ("ENT") doctors, not oral surgeons specializing in oral and maxillofacial surgery.  As such, none of them was sufficiently qualified to treat Plaintiff's mandible fractures.

24.     Prior to the surgery performed on June 15, 2016, Plaintiff did not experience numbness in his jaw area.

25.     Following the surgery and for the next two years Plaintiff experienced constant pain in his jaw as well as numbness and tingling in his jaw, mouth, and the right-side of his face extending from his chin up to his right ear that made it difficult for him to eat and sleep.  Plaintiff also experienced recurrent headaches and radiating pain emanating from his jaw.  As a result of his chronic pain, Plaintiff also developed depression.  Plaintiff was prescribed various medications by Illinois Department of Corrections ("IDOC") medical staff to attempt to manage his physical and mental symptoms, which provided him only limited relief.

26.     After repeatedly requesting medical attention through the IDOC and filing multiple inmate grievances, Plaintiff was eventually seen by Dr. Jay Swanson, an oral surgeon, on or about August 28, 2018.  Dr. Swanson determined that an edge of one of the metal plates installed during the June 2016 surgery was protruding below the inferior border of Plaintiff's mandible, causing him pain.  Dr. Swanson recommended removal of the plate.  Due to Plaintiff's complaints of radiating pain, numbness, and tingling, Dr. Swanson recommended that Plaintiff first be seen by a neurologist before undergoing revision jaw surgery to evaluate for potential nerve damage.

27.     On or about October 3, 2018, Plaintiff was seen by Dr. Fakhre Alam, a neurologist, and was diagnosed with right trigeminal nerve disorder.  Dr. Alam prescribed

gabapentin to help manage Plaintiff's nerve pain and cleared him to proceed with revision jaw surgery.

28.     After another delay, during which time Plaintiff continued to experience severe pain and other symptoms, Plaintiff eventually underwent corrective surgery with Dr. Swanson on January 16, 2019 to remove one of the metal plates that had been installed during the June 2016 surgery.   During the corrective surgery, Dr. Swanson noted that one of the screws that was supposed to have secured the metal plate to the Plaintiff's jaw was not engaged in bone at all.

29.     After the second jaw surgery with Dr. Swanson, the stabbing pain that Plaintiff had been experiencing has largely been resolved, and his overall pain level has improved.

30.     Notwithstanding, to date Plaintiff continues to experience persistent nerve pain, numbness, and tingling in his jaw, mouth, and the right-side of his face extending from his chin up to his right ear as well as occasional headaches.   Plaintiff has been diagnosed with right trigeminal nerve disorder that is anticipated to be permanent and require medication management for the rest of his life.   Plaintiff also continues to suffer from bouts of depression related to his ongoing symptoms.

31.     It was after being examined by Dr. Swanson, and after Dr. Swanson conducted the corrective surgery, that Plaintiff learned that one of the metal plates had been installed incorrectly during his initial surgery and that one of the screws that was supposed to have secured the plate to his jaw was not engaged in bone at all.   Plaintiff first became aware shortly before filing this complaint that Defendants Hernandez, Greene, Best, and Greenbaum were not sufficiently qualified to conduct the open reduction surgical procedure on his jaw, and that for the type of injury he had suffered, it was improper to offer and perform an open reduction

procedure when a closed reduction was feasible and was the appropriate procedure under the circumstances.

## COUNT I

### Claim under 42 U.S.C. § 1983
### Deliberate Indifference to Medical Needs

32.　　Plaintiff incorporates paragraphs 1 through 31.

33.　　 Under 42 U.S.C. § 1983, based on the Eighth Amendment, Plaintiff had a right to adequate medical care while he was incarcerated at CCDOC.

34.　　At all relevant times, Defendants Greenbaum, Hernandez, Greene, Best, and Doe were acting under color of law, providing medical services to inmates of CCDOC as agents of CCHSS.

35.　　Defendants Greenbaum, Hernandez, Greene, Best, and Doe each had a duty to provide adequate medical care to Plaintiff.

36.　　On information and belief, Defendant Doe knew the severity of Plaintiff's jaw injury and that a competent and experienced oral surgeon was required to perform the complex and highly invasive corrective jaw surgery on Plaintiff.

37.　　Defendants Greenbaum, Hernandez, Green, and Best were each aware that none of them were oral surgeons qualified to or capable of competently performing Plaintiff's complex and highly invasive corrective jaw surgery.

38.　　Defendants Greenbaum, Hernandez, Green, and Best were each aware, or if unaware such unawareness was reckless, that if a closed reduction surgery was feasible it was improper to offer and proceed with an open reduction surgery due to the elevated risk of that procedure.

7

39.     Defendant Doe consciously disregarded a serious risk to Plaintiff's health by failing to assign a competent and experienced oral surgeon to perform Plaintiff's complex and highly invasive corrective jaw surgery.  This failure was at least in part due to the fact that Plaintiff was an inmate and to minimize costs and resources or to attempt to provide experience to doctors in a procedure they were unexperienced in performing.

40.     Defendants Greenbaum, Hernandez, Green, and Best each consciously disregarded a serious risk to Plaintiff's health by performing a complex and highly invasive corrective jaw surgery while knowing that none of them were oral surgeons qualified to perform the surgery competently.  This failure was at least in part due to the fact that Plaintiff was an inmate and to minimize costs and resources or to attempt to gain experience in a procedure the doctors were unexperienced in performing.

41.     Defendants Greenbaum, Hernandez, Green, and Best each consciously disregarded a serious risk to Plaintiff's health by offering and performing an open reduction surgery on Plaintiff when they knew, or were recklessly unaware, that a closed reduction was the appropriate procedure and was far less risky. This failure was at least in part due to the fact that Plaintiff was an inmate and to minimize costs and resources or to attempt to gain experience in a procedure the doctors were unexperienced in performing.

42.     Defendants Greenbaum, Hernandez, Greene, and Best each consciously disregarded a serious risk to Plaintiff's health by failing to properly place and affix the surgically installed hardware in Plaintiff's jaw, necessitating its removal.  This failure was at least in part due to the fact that Plaintiff was an inmate and to minimize costs and resources or to attempt to gain experience in a procedure the doctors were unexperienced in performing.

43.     Defendant Greenbaum consciously disregarded a serious risk to Plaintiff's health by failing to adequately supervise resident physicians Hernandez, Greene, and/or Best, each of whom lacked the necessary experience to competently perform such a highly invasive surgery on their own. This failure was at least in part due to the fact that Plaintiff was an inmate and to minimize costs and resources or to attempt to gain experience in a procedure the doctors were unexperienced in performing.

44.     Under these circumstances, similarly situated hospital administrators or medical care providers, acting in a lawful manner, would not have consciously disregarded a serious risk to Plaintiff's health in a similar manner.

45.     By consciously disregarding a serious risk to Plaintiff's health, Defendants Greenbaum, Hernandez, Greene, Best, and Doe each acted with deliberate indifference, causing Plaintiff to suffer.

46.     But for Defendants Greenbaum, Hernandez, Greene, Best, and Doe's conscious disregard of serious risks to Plaintiff's health, his unreasonable pain and suffering caused by the improperly-performed jaw surgery would have been avoided.

47.     Defendants Greenbaum, Hernandez, Greene, Best, and Doe's conduct was willful, wanton, malicious, and in reckless disregard of Plaintiff's rights under the Eighth Amendment.

## COUNT II
### Medical Negligence

48.     Plaintiff incorporates paragraphs 1 through 47.

49.     At all relevant times, Defendants Greenbaum, Hernandez, Greene, Best, and Doe were acting within the course and scope of their role as physicians providing medical services to inmates of CCDOC at Stroger Hospital pursuant to an agency relationship with CCHSS.

50.     Defendants Greenbaum, Hernandez, Greene, Best each were negligent in providing medical care to Plaintiff by failing to exercise that degree of care, skill, and diligence ordinarily employed by a physician generally under similar conditions and like surrounding circumstances.

51.     Specifically, Defendants Greenbaum, Hernandez, Greene, and Best, by planning and conducting surgery on Plaintiff's jaw in the manner described above, each failed to comply with the applicable standard of care.

52.     Additionally, Defendant Greenbaum failed to comply with the applicable standard of care by failing to adequately supervise resident physicians Hernandez, Greene, and/or Best, each of whom lacked the necessary experience to competently perform such a highly invasive surgery.

53.     Defendant Doe was negligent in administering medical services to Plaintiff by failing to exercise that degree of care, skill, and diligence ordinarily employed by a physician and/or hospital administrator generally under similar conditions and like surrounding circumstances.

54.     As a direct and proximate result of the negligence of Defendants Greenbaum, Hernandez, Greene, Best, and Doe acting incident to and within the course and scope of their employment or agency with Defendant CCHSS, or the negligence of Defendant CCHSS, acting through its employees or agents, or a combination of both, Plaintiff suffered bodily injury. As a result, Plaintiff is entitled to recover for all the damages he suffered, including physical and emotional damages, both past and future.

### COUNT III
### Vicarious Liability
### Defendant CCHHS

55.     Plaintiff incorporates paragraphs 1 through 54.

56.     At all times material, Defendants Greenbaum, Hernandez, Greene, Best, and Doe were acting as agents of CCHHS and were each providing medical care to inmates of CCDOC through their agency with CCHSS.   Therefore, CCHSS is liable for the wrongful conduct of Defendants Greenbaum, Hernandez, Greene, Best, and Doe under the law of vicarious liability, including the doctrine of respondeat superior.

57.     As a direct result of the conduct described herein, Plaintiff has suffered injuries and damages described herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cory Mixan respectfully requests that the Court enter judgment in his favor and against Defendants Greenbaum, Hernandez, Greene, Best, Doe, and CCHSS and grant Plaintiff:

A. A declaration that the acts and omissions described herein violated Plaintiff's rights under the United States Constitution;

B. A declaration that the acts and omissions described herein violated Plaintiff's rights under Illinois law;

C. Compensatory damages in an amount to be determined at trial against each Defendant jointly and severally, for the physical and emotional pain and suffering that Plaintiff has suffered and continues to suffer;

D. Punitive damages in an amount to be determined at trial against each Defendant;

E. Plaintiff's costs in this suit, including reasonable attorney's fees incurred; and

F. Any additional and further relief this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 9, 2019           By:     Helen H. Ji
                                        Thomas P. White (6202967)
                                        Helen H. Ji (6316804)
                                        Kyle J. Jacob (6327085)
                                        Schiff Hardin LLP
                                        233 South Wacker Drive, Suite 7100
                                        Chicago, IL 60606
                                        Ph: 312.258.5500
                                        twhite@schiffhardin.com
                                        hji@schiffhardin.com
                                        kjacob@schiffhardin.com

                                        *Attorneys for Plaintiff Cory Mixan*